STATE OF NEBRASKA, APPELLEE, V. ANTHONY SANDERS, APPELLANT.

202 N. W. 2d 589

Filed December 1, 1972. No. 38547.

Thomas J. Monaghan, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

The only issue raised in this appeal by the defendant from his plea of guilty to a burglary charge is the excessiveness of the sentence of an indeterminate period of 3 to 5 years in the Nebraska Penal and Correctional Complex. The evidence shows that on January 28, 1972, the defendant pled guilty to the charge of burglary. The guilty plea was the result of a plea bargain, to which no objection is made, entered into by the defendant's counsel and the Douglas county attorney's office as a result of which an additional burglary charge and a felonious assault charge were dropped by the State of Nebraska. The record shows that the State performed its part of the plea bargain, dismissed the other charges, and took no position with reference to the request for probation.

The essence of the defendant's contention seems to be the hardship impact of the sentence upon his wife and family preventing him from making a living. We do not doubt that this may be a factor for the court to

take into consideration under all the circumstances and probably was by the experienced trial judge in this case. But we are not aware of any reasoning or authority that compels a finding that a man can escape a penalty for the commission of a felony offense simply because he has a wife and family who need support. It is clear from the record that the defendant had been arrested 45 times in the last 12 years and had 1 previous conviction in federal court for transportation of a stolen motor vehicle across a state line, which is a felony. 18 F. C. A. § 2312, p. 581.

Where the punishment of an offense created by statute is left to the discretion of a court within prescribed limits, a sentence prescribed within such limits will not be disturbed unless there appears to be an abuse of such discretion. No such abuse of discretion appears.

The judgment and sentence of the district court are correct and are affirmed.

AFFIRMED.